IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

**SILVIA PARRA**, *Plaintiff*,

v.

**GALVESTON COUNTY, TEXAS**; **GALVESTON COUNTY DISTRICT ATTORNEY'S OFFICE**;

*Defendants.*

## COMPLAINT

Plaintiff SILVIA PARRA, by and through undersigned counsel, for her Complaint against the above-named Defendants, alleges as follows:

### I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), as Plaintiff asserts claims arising under 42 U.S.C. § 1983 and the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

2. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as Defendants reside in this District and the events giving rise to this action occurred in Galveston County, Texas, which is located within this District.

### II. PARTIES

4. Plaintiff Silvia Parra is a resident of Galveston County, Texas, and is the mother of Kayden L. Windham, who died under circumstances more fully described herein.

5. Defendant Galveston County, Texas is a political subdivision of the State of Texas organized and existing under the laws of the State of Texas, and is responsible for the actions of its employees, agents, and officials acting in their official capacities.

6. Defendant Galveston County District Attorney's Office is an agency of Galveston County responsible for prosecution of criminal matters within the county.

7. The individual Defendants are employees and/or officials of Galveston County acting in their individual and official capacities.

## III. FACTUAL ALLEGATIONS

### A. Death of Kayden L. Windham

8. Kayden L. Windham died on June 2, 2023, at or near the Crystal Palace Resort in Galveston County, Texas.

9. The death of Kayden L. Windham arose from circumstances occurring at the Crystal Palace Resort, a commercial establishment subject to premises liability claims, where the resort had duties to maintain safe premises and protect guests from foreseeable harm.

10. Plaintiff Silvia Parra, as Kayden L. Windham's mother, suffered profound loss and had legitimate claims for wrongful death against the Crystal Palace Resort and other potentially responsible parties.

### B. Wrongful Criminal Prosecution of Silvia Parra

11. Without probable cause, adequate evidence, or legal justification, Defendants Galveston County, the District Attorney's Office, and the individual prosecutors and investigators named herein initiated and prosecuted criminal charges against Silvia Parra arising from Kayden L. Windham's death.

12. The criminal charges against Plaintiff were deficient in probable cause and were not supported by credible, competent evidence. Defendants knew or should have known that the evidence was insufficient to support prosecution.

13. Specifically, Defendants failed to develop exculpatory evidence, ignored and suppressed evidence favorable to Plaintiff, and relied upon incomplete, prejudicial, and unreliable investigative conclusions.

### C. Malicious Conspiracy to Suppress Civil Rights

14. Defendants conspired and acted in concert with one another to:

(a) Deprive Plaintiff of her right to pursue civil legal remedies against the Crystal Palace Resort for the wrongful death of her son;

(b) Discourage, intimidate, and deter Plaintiff from filing or prosecuting a civil wrongful death lawsuit against the Crystal Palace Resort;

(c) Suppress and chill Plaintiff's First Amendment right to petition the courts for redress of grievances;

(d) Prosecute Plaintiff without probable cause as a means to silence her and prevent civil litigation that would expose the resort's liability and negligence;

(e) Abuse prosecutorial discretion and authority to accomplish unlawful purposes.

15. This conspiracy was designed to benefit the Crystal Palace Resort by preventing legitimate civil wrongful death claims that would expose the resort's negligence,

breach of duty, and inadequate safety measures that resulted in Kayden L. Windham's death.

### D. Absence of Probable Cause

16. At the time the criminal charges were filed against Plaintiff, Defendants lacked probable cause to believe Plaintiff committed any crime.

17. The investigation was rushed, incomplete, and prejudicial. Defendants failed to:

(a) Conduct a thorough and impartial investigation of the circumstances surrounding Kayden L. Windham's death;

(b) Preserve and properly analyze physical evidence;

(c) Interview all relevant witnesses;

(d) Review and consider exculpatory evidence;

(e) Investigate alternative theories and responsible parties;

(f) Follow standard investigative protocols and procedures.

18. Defendants proceeded with prosecution despite the absence of:

(a) Credible eyewitness testimony establishing Plaintiff's culpability;

(b) Physical evidence directly implicating Plaintiff;

(c) Forensic evidence supporting the charges;

(d) Motive for Plaintiff to cause harm to her own child;

(e) Opportunity for Plaintiff to commit the alleged acts;

(f) Any coherent theory of criminal liability supported by evidence.

### E. Knowledge of Insufficient Evidence and Malice

19. Defendants knew that the evidence against Plaintiff was insufficient and that probable cause was lacking. Despite this knowledge, Defendants proceeded with prosecution driven by malice, including:

(a) Intent to retaliate against Plaintiff for her potential civil claims against the Crystal Palace Resort;

(b) Intent to silence and intimidate Plaintiff;

(c) Intent to protect powerful private interests (the resort) from civil liability;

(d) Reckless indifference to Plaintiff's constitutional rights;

(e) Abuse of prosecutorial discretion for improper purposes.

20. Malice may be inferred from the absence of probable cause. *See Thompson v. City of Galveston*, 979 F. Supp. 504 (S.D. Tex. 1997).

### F. Termination in Plaintiff's Favor

21. The criminal charges against Plaintiff have been dismissed demonstrating that the prosecution was terminated in Plaintiff's favor.

22. This termination vindicates Plaintiff's innocence and establishes the baseless nature of the prosecution.

## IV. LEGAL CLAIMS

### COUNT I: VIOLATION OF 42 U.S.C. § 1983 – MALICIOUS PROSECUTION

23. Plaintiff incorporates all preceding allegations as if fully restated herein.

24. Under 42 U.S.C. § 1983, all persons who, acting under color of state law, deprive any citizen of rights secured by the Constitution are liable for damages.

25. To establish malicious prosecution under § 1983 and the Fourteenth Amendment, Plaintiff must prove:

(a) Commencement of a criminal prosecution against Plaintiff;

(b) Causation by Defendants;

(c) Absence of probable cause;

(d) Malice;

(e) Termination in Plaintiff's favor;

(f) Damages.

26. All elements are satisfied herein.

27. Defendants acted under color of state law in their official capacities as prosecutors, investigators, and agents of Galveston County.

28. Defendants are liable in their individual capacities for their deliberate, reckless, and malicious actions in initiating and prosecuting unfounded charges against Plaintiff.

29. As a result of the malicious prosecution, Plaintiff has suffered:

(a) Loss of liberty and restrictions on personal freedom;

(b) Emotional distress, anxiety, and psychological trauma;

(c) Damage to reputation and social standing;

(d) Legal costs and attorney's fees;

(e) Lost earnings and employment opportunities;

(f) Interference with familial relationships;

(g) Denial of ability to pursue civil remedies;

(h) Compounded grief from losing her son while simultaneously defending against baseless criminal charges.

## COUNT II: VIOLATION OF 42 U.S.C. § 1983 – DEPRIVATION OF FIRST AMENDMENT RIGHTS

30. Plaintiff incorporates all preceding allegations as if fully restated herein.

31. The First Amendment to the United States Constitution protects the right to petition the courts for redress of grievances. *See U.S. Const. amend. I.*

32. Plaintiff had a fundamental constitutional right to pursue a civil wrongful death action against the Crystal Palace Resort on behalf of her deceased son.

33. Defendants prosecuted Plaintiff maliciously and without probable cause for the purpose of deterring, chilling, and suppressing her right to petition the courts through civil litigation.

34. The prosecution constituted retaliation and punishment for Plaintiff's stated intent to pursue civil remedies, thereby violating her First Amendment rights.

35. Defendants acted with the specific intent to infringe upon Plaintiff's constitutional rights and with knowledge that their conduct would do so.

36. Plaintiff has suffered damages as described above.

## COUNT III: VIOLATION OF 42 U.S.C. § 1983 – DEPRIVATION OF DUE PROCESS

37. Plaintiff incorporates all preceding allegations as if fully restated herein.

38. The Fourteenth Amendment to the United States Constitution guarantees due process of law and protection against arbitrary governmental action.

39. Defendants, by prosecuting Plaintiff without probable cause and for improper purposes, violated Plaintiff's substantive due process rights.

40. The prosecution was arbitrary, capricious, and motivated by retaliatory and improper purposes wholly unrelated to any legitimate governmental interest in law enforcement.

41. Defendants ignored evidence, suppressed exculpatory information, and proceeded with reckless indifference to the truth.

42. Plaintiff has been deprived of her right to a fair and impartial adjudication of criminal charges based upon probable cause and legitimate law enforcement purposes.

43. Plaintiff has suffered damages as described above.

## COUNT IV: CONSPIRACY IN VIOLATION OF 42 U.S.C. § 1983

44. Plaintiff incorporates all preceding allegations as if fully restated herein.

45. Defendants entered into a conspiracy to deprive Plaintiff of her constitutional rights under color of state law.

46. The conspiracy included:

(a) Agreement among Defendants to prosecute Plaintiff without probable cause;

(b) Agreement to suppress exculpatory evidence;

(c) Agreement to retaliate against Plaintiff for potential civil claims;

(d) Agreement to protect the Crystal Palace Resort from civil liability;

(e) Overt acts in furtherance of the conspiracy, including filing charges, conducting biased investigations, and withholding favorable evidence.

47. The conspiracy was motivated by malice, retaliatory intent, and improper purposes.

48. Plaintiff has suffered damages as described above.

## COUNT V: ABUSE OF PROCESS (STATE LAW)

49. Plaintiff incorporates all preceding allegations as if fully restated herein.

50. Under Texas law, abuse of process is a tort committed when a person uses the civil or criminal legal process for a purpose for which it was not designed.

51. Defendants abused the criminal process by:

(a) Using criminal prosecution as a means to suppress civil litigation;

(b) Using criminal charges as retaliation for potential civil claims;

(c) Using the power of prosecution to intimidate and silence Plaintiff;

(d) Pursuing prosecution for purposes wholly unrelated to legitimate law enforcement.

52. Defendants acted with knowledge that they were misusing the criminal process and with conscious disregard for Plaintiff's rights.

53. Plaintiff has suffered damages as described above.

## V. DAMAGES

54. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to:

(a) **Emotional distress and psychological trauma**: Plaintiff suffered severe emotional distress, anxiety, post-traumatic stress disorder, depression, and other psychological injuries from the baseless prosecution while grieving the loss of her child;

(b) **Reputational harm**: Plaintiff's reputation and standing in her community have been severely damaged by false criminal charges;

(c) **Economic damages**: Lost wages, legal costs, attorney's fees, court costs, and other financial losses incurred in defending the criminal charges;

(d) **Loss of liberty**: Restrictions on Plaintiff's personal freedom and liberty during the pendency of the criminal case;

(e) **Denial of access to justice**: Plaintiff was prevented from timely pursuing her civil remedies for wrongful death while resources were consumed defending the baseless criminal prosecution;

(f) **Compounded grief**: Plaintiff's grief from losing her son was compounded and exacerbated by the trauma of defending against criminal charges;

(g) **Interference with family relationships**: The prosecution disrupted Plaintiff's relationships with family members and support systems during her time of greatest need.

55. Plaintiff is entitled to **punitive damages** under 42 U.S.C. § 1983 and Texas law. Defendants' conduct was:

(a) Reckless and with conscious disregard for Plaintiff's constitutional rights;

(b) Motivated by malice and retaliatory intent;

(c) Deliberate abuse of governmental authority;

(d) Designed to suppress constitutional rights and protect powerful private interests;

(e) Shocking to the conscience and egregious.

56. Punitive damages are necessary to:

(a) Deter Defendants and others from similar misconduct;

(b) Punish the deliberate and malicious violation of constitutional rights;

(c) Vindicate Plaintiff's constitutional rights;

(d) Ensure accountability for abuse of governmental power.

57. Plaintiff is entitled to recover her **attorney's fees and costs** pursuant to 42 U.S.C. § 1988, having prevailed in this action.

58. Plaintiff demands judgment in the amount to be determined by the jury at trial.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. **Enter judgment** in favor of Plaintiff and against Defendants;

2. **Award compensatory damages** in an amount to be determined by the jury, representing full compensation for all damages suffered by Plaintiff as a result of Defendants' unlawful conduct;

3. **Award punitive damages** against the individual Defendants in amounts to be determined by the jury, sufficient to punish and deter future misconduct;

4. **Award attorney's fees and costs** pursuant to 42 U.S.C. § 1988 and applicable Texas law;

5. **Enter declaratory judgment** that Defendants' conduct violated Plaintiff's constitutional rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, and Fourteenth Amendments;

6. **Enjoin Defendants** from engaging in similar conduct in the future;

7. **Award pre-judgment and post-judgment interest** at the maximum rate allowed by law;

8. **Grant such other and further relief** as the Court deems just and equitable.

---

Respectfully submitted,

/s/ Frank J. Pehlke

Frank J. Pehlke (24129366)

Garrett P. Dennis (pro hac vice pending)

Attorney for Plaintiff

**OF COUNSEL:**

DENNIS INJURY LAW
9724 Kingston Pike
Suite 702
Knoxville, TN 37922
fpehlke@dennisinjurylaw.com