## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| SILVIA PARRA | § | |
| | § | |
| **Plaintiff,** | § | |
| V. | § | |
| | § | |
| GALVESTON COUNTY, TEXAS, | § | Case No. 3:25-CV-00408 |
| GALVESTON COUNTY DISTRICT | § | |
| ATTORNEY'S OFFICE | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANT GALVESTON COUNTY, TEXAS'S
## MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE MAGISTRATE JUDGE ANDREW M. EDISON:

Defendant Galveston County, Texas, files this Rule 12(b)(6) Motion to Dismiss Plaintiff's Original Complaint, [Dkt 1] ("Compl."), and respectfully represents as follows:

### INTRODUCTION

In June 2024, [1] Kayden Windham tragically drowned at the Crystal Palace Resort (the "Resort") in Crystal Beach, Texas. Compl. at ¶ 8. Kayden was six years old at the time and the son of Plaintiff, Silvia Parra ("Plaintiff"). *Id*. at ¶ 14(a). Following his passing, local authorities investigated the incident, and the Grand Jury was presented with criminal neglect charges against Plaintiff. *Id*. at ¶ 11. The grand jury found probable cause for the charges and Plaintiff was indicted for criminal negligent homicide. *See* Ex. 1. The legal

---

[1] The date provided in paragraph 8 of the Complaint appears to be incorrect.

process played out, and the Galveston County District Attorney's Office ("GCDAO") eventually dismissed the charges.

Plaintiff now brings this action under 42 U.S.C. § 1983 ("Section 1983") against Galveston County, Texas ("Galveston County") and the GCDAO, alleging (a) malicious prosecution for pursuing the charges, deprivation of her (b) First Amendment rights to bring a lawsuit against the Resort, and (c) Fourteenth Amendment Due Process rights, (d) conspiracy to prevent Plaintiff from filing a civil suit against a Crystal Beach resort, and (e) 'abuse of process' in violation of Texas State law. *See* Compl. at ¶¶ 23-53.

Even accepting Plaintiff's allegations as true, dismissal is warranted. First, claims against the Galveston County District Attorneys' Office (the GCDAO) must be dismissed because it is not a separate legal entity capable of being sued. Second, Plaintiff's constitutional claims against Galveston County must meet *Monell* standards, but she makes no effort to sufficiently plead a Galveston County policymaker, policy or custom to support a *Monell* case. And third, Plaintiff's state law claim for 'abuse of process' must also be dismissed because the Texas Tort Claims Act ("TTCA") does not waive sovereign immunity for intentional torts. In short, when Plaintiff's Complaint is measured against the elements and requirements for her claims, it offers, at best, only generalized and conclusory allegations against Galveston County, or ignores TTCA principles, and therefore fails to survive Rule 12(b)(6).

# I. PLAINTIFF'S ALLEGATIONS

## A. Plaintiff's arrest, and subsequent prosecution.

This action arises from Plaintiff's arrest on or about August 27, 2024, for her alleged criminally negligent conduct leading to the death of Kayden Windham at the Crystal Palace Resort. (Compl. at ¶11 [Dkt. 1]).

On August 23, 2024, a grand jury indicted Plaintiff for criminally negligent homicide after finding probable cause. Ex. 1 (Grand Jury Indictment). Specifically, Plaintiff was indicted for, ". . . allowing Kayden Windham to enter a pool knowing that he could not swim, that he did not have a flotation device, that the pool was dimly lit, and that he was not being supervised by [Plaintiff] or by any other adult. . . ." *Id.* The charges were eventually dismissed by the GCDAO and Plaintiff claims that "Defendants lacked probable cause to believe [Plaintiff] committed any crime." *See* Compl. at ¶¶ 16, 21. Despite the grand jury findings, Plaintiff, in conclusory fashion, generally alleges that the investigation was rushed, incomplete, and prejudicial and that "Defendants failed to:

(a) Conduct a thorough and impartial investigation . . .;

(b) Preserve and properly analyze physical evidence;

(c) Interview all relevant witnesses;

(d) Review and consider exculpatory evidence;

(e) Investigate alternative theories . . .;

(f) Follow standard investigative protocols . . . ."

*See Id.* at ¶ 17. Plaintiff also alleges without specificity that "Defendants proceeded with prosecuted despite the absence" of various pieces of evidence. *Id.* at ¶ 18.

**B. Plaintiff's lawsuit against Galveston County and the GCDAO.**

Plaintiff filed her lawsuit against Galveston County and the GCDAO, on December 12, 2025. Plaintiff's allegations can be summarized by the following:

- Without probable cause, adequate evidence, or legal justification, Defendants (including individual prosecutors and investigators) initiated and prosecuted criminal charges against Plaintiff. *Id.* at ¶¶11, 16-18.

- The criminal charges against Plaintiff were deficient in probable cause and were not supported by credible, competent evidence to support prosecution. *Id.* at ¶12. Moreover, Defendants failed to develop exculpatory evidence, ignored and suppressed evidence favorable to Plaintiff, and relied upon incomplete, prejudicial, and unreliable investigative conclusions. *Id.* at ¶13.

- Defendants conspired to deprive Plaintiff of her right to pursue civil legal remedies against Crystal Palace Resort for her son's death. *Id.* at ¶¶14-15. Also, that Defendants' prosecution of Plaintiff was intended to protect private interests (the Crystal Palace Resort) from civil liability. *Id.* at ¶19.

Importantly, <u>nowhere does Plaintiff's complaint specify any Galveston County policymaker, nor any customs, or policies which served to violate her constitutional rights.</u> Furthermore, Plaintiff's Complaint does not attempt to distinguish between Galveston County and the GCDAO. Instead, she seems to view the GCDAO as "an agency of Galveston County responsible for prosecution of criminal matters within the county." (*Id.* at ¶6 [Dkt. 1]). Based on her pleading deficiencies, Galveston County and GCDAO move to dismiss this case.

## II.     ARGUMENT

**A. Rule 12(b)(6) Motion to Dismiss Standard.**

Federal Rule of Civil Procedure 12(b)(6) allows defendants to file a motion to dismiss when a complaint fails "to state a claim upon which relief can be granted." To

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S., 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Claims are deemed plausible on their face, when the plaintiff "pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In ruling on a Rule 12(b)(6) motion, the Court must accept well-pleaded facts as true and view them in a light most favorable to the plaintiff. *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002). However, the Court is not required to "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess, Inc.*, 407 F.3d 1061, 1067 (5th Cir. 2005).

"A statement of facts that merely creates a suspicion that the pleader might have a right of action is insufficient to survive a Rule 12(b)(6) motion." *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006). The court must determine whether the facts in the complaint meet the pleading standards and are sufficient to show that the plaintiff has a viable claim for relief. *Iqbal*, 556 U.S. at 678.

**B. The Court May Take Judicial Notice of Public Records and Consider Evidence That Plaintiff References and That is Central to Her Claim (Exhibit 1 - Indictment).**

Plaintiff's indictment instrument was publicly filed on or about August 22, 2024, in Case No. 24-CR-3251, in the 405th Judicial District of Galveston County, Texas. The County attaches that indictment hereto as Exhibit 1 for consideration with its Motion to Dismiss. *See* Ex. 1.

In ruling on a motion to dismiss, courts may consider pleadings and "other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss", including documents incorporated into the plaintiff's complaint, and matters of judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citations omitted). The court may take judicial notice of matters of public record. *Luman v. Diaz*, No. CV H-19-4920, 2020 WL 4818832, at *2 (S.D. Tex. Aug. 18, 2020)(citing *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007)).

In some cases, documents become so important to a case that they are considered pleadings themselves, and a party seeking dismissal may attach them as exhibits. Moreover, an exhibit becomes a part of a pleading if it is (1) referenced in a complaint, and (2) central to the claims of the case. *See Hodge v. Engleman*, 90 F.4th 840, 844 (5th Cir. 2024); *see also Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (reasoning that courts may consider documents meeting these criteria without converting the motion to dismiss into one for summary judgment).

This Court may consider judicial record Exhibit 1 as part of its determination on the County's Motion to Dismiss.

## C. The GCDAO is a non-legal entity incapable of suing, or being sued, so it must be dismissed.

Plaintiff names the GCDAO as a defendant in this suit, but the "District Attorney's Office" is not a separate legal entity. It has been widely recognized under Texas law that there is no natural person, political or corporate entity known as the "District Attorney's Office", amenable to process, much less suit. *See Jones v. Heuer*, No. 24-50348, 2024 U.S.

App. LEXIS 25805, at *7 (5th Cir. 2024) (reasoning that district attorney's offices are not legal entities capable of suing or being sued); *see also Brown v. City of Hous.*, No. H-17-1749, 2019 U.S. Dist. LEXIS 218870, at *6 (S.D. Tex. 2019); *Estrada v. Healey*, No. H-15-0092, 2015 U.S. Dist. LEXIS 193733, *28 (S.D. Tex. 2015) (reiterating federal district courts in Texas have held that a county district attorney's office is not a suable entity in Texas). Therefore, dismissal of the GCDAO is warranted.

**D. Dismissal is warranted on all Section 1983 claims against Galveston County.**

   **1. Plaintiff's Complaint makes no attempt to meet *Monell* liability requirements for purposes of Section 1983, warranting dismissal.**

Plaintiff's Complaint raises numerous Section 1983 claims against Galveston County—i.e., (1) malicious prosecution, (2) deprivation of the First Amendment, (3) deprivation of the Fourteenth Amendment, and (4) conspiracy in violation of Section 1983. Due to Plaintiff's inadequate pleading, her claims against Galveston County should be dismissed. Plaintiff Section 1983 claims must meet the *Monell* standards. *Edwards v. City of Balch Springs*, 70 F.4th 302, 307 (5th Cir. 2023). But to state a *Monell* claim, Plaintiff must plead facts that plausibly establish: (1) an official policy or custom; (2) promulgated by a county policymaker; (3) that was a moving force behind the violation of a constitutional right. *Cambric v. City of Corpus Christi*, 170 F.4th 321, 324 (5th Cir. 2026). To get past Rule 12(b)(6), Plaintiff's description of a policy or custom must not be conclusory, and instead, it must contain specific facts. *Henderson v. Harris Cnty.*, 51 F.4th 125, 130 (5th Cir. 2022). Yet, Plaintiff's Complaint does not clear the bar, as it never describes any policy, or custom, much less identify any policymaker beyond viewing the

GCDAO as "an agency of Galveston County". Compl. at ¶6. For these reasons, dismissal is warranted.

Section 1983 creates a private right of action for the deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983. But Section 1983 does not impose respondeat superior liability, so a plaintiff cannot state a claim against a county government merely by alleging that a county employee violated her rights. Indeed, "it is when the execution of a government's policy of custom . . . inflicts the injury that the government as an entity is responsible under section 1983." *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). And "isolated unconstitutional actions by municipal employees will almost never trigger liability." *Piotrowski*, 237 F.3d at 578 (citing *Bennett v. City of Slidell*, 728 F.2d 762, 768 n.3 (5th Cir. 1984); *McKee v. City of Rockwall*, 877 F.2d 409, 415 (5th Cir. 1989)).

Although Plaintiff asserts multiple Section 1983 theories (including First Amendment Right to Petition, Fourteenth Amendment Due Process, etc.), Galveston County can be liable only if Plaintiff plausibly alleged unconstitutional conduct <u>by an official policymaker implementing a policy or custom</u> that caused the alleged constitutional deprivation. *Casanova v. City of Brookshire*, 119 F. Supp. 2d 639, 659 (S.D. Tex. 2000) (dismissing malicious prosecution claim against county government for plaintiff's failure to articulate a policy or custom that was the moving force of the alleged injury). In this case, Plaintiff has alleged no Galveston County policymaker or policy or custom that is the moving force of Plaintiff's various alleged constitutional violations.

### a. *No Policymaker Allegation*

Absent allegations of a policymaker Plaintiff's Section 1983 *Monell* claims under the First, Fourth or Fourteenth Amendments fail. To the extent, her allegations could be stretched to infer that GDCAO is somehow a County policymaker, Texas law draws a clear distinction between state and county actors in criminal prosecutions. When district attorneys prosecute violations of state law, they act on behalf of the State of Texas, not the county where the prosecution happens to occur. *Esteves v. Brock*, 106 F.3d 674 (5th Cir. 1997) (holding that, for purposes of Section 1983, a district attorney represents the state rather than the county when engaged in the criminal prosecution of state law); *see also Brown v. City of Hous.*, No. H-17-1749, 2018 U.S. Dist. LEXIS 42543, at *11 (S.D. Tex. 2018). So, when deciding whether to prosecute a case, a district attorney <u>does not act as a county policymaker</u>. Instead, the district attorney acts in a prosecutorial capacity because the decision concerns the enforcement of state law, not county policy. *Brown v. City of Houston*, No. H-17-1749, 2018 U.S. Dist. LEXIS 42543, at *9 (S.D. Tex. 2018) (explaining that whether a district attorney acts in a prosecutorial capacity or as a final policymaker depends on state law and the facts of the case); *Jones v. Pillow*, Civil Action No. 3:02-CV-1825-L, 2003 U.S. Dist. LEXIS 10859, at *5 (N.D. Tex. 2003). Here, Plaintiff fails to plead any comparable county-wide policy, practice, or custom. *See Bellamy v. Harris Cnty.*, No. H-16-02925, 2017 U.S. Dist. LEXIS 73327 (S.D. Tex. 2017). And, even if an implausible reading is given to her generalized allegations against the GCDAO, "Texas law makes clear . . . that when acting in the prosecutorial capacity to enforce state penal law, a district

attorney is an agent of the state, not of the county in which the criminal case happens to be prosecuted." *Id.* at *8.

### b. No Policy or Custom Alleged

In pursuing Section 1983 claim against a municipal government, Plaintiff must plead facts that support an inference of an unconstitutional policy or custom, and such facts cannot be conclusory. *George v. Harris Cnty.*, No. H-10-3235, 2012 U.S. Dist. LEXIS 94318, at *49 (S.D. Tex. 2012). A single incident, standing alone, is usually insufficient as a matter of law to establish municipal liability for unconstitutional policies or customs. *Id.* at 49-50. In this case, Plaintiff's Complaint provides <u>virtually no details as to any policy or custom</u> of Galveston County, beyond what happened to her in isolation.

Plaintiff must plead an official policy or custom, but has failed to do so. Plaintiff completely omits from the complaint any specific "policy statement[s], ordinance[s], regulation[s], or decision[s] that [are] officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority." *Webster v. City of Hous.*, 735 F.2d 838, 853 (5th Cir. 1984). Plaintiff has further failed to allege any "widespread practice of officials or employees . . . so common and well settled as to constitute a custom that fairly represents the municipality's policy." *Cox v. City of Dall.*, 430 F.3d 734, 748 (5th Cir. 2005). Whether the allegation be that the County violated her First Amendment rights by preventing filing of a complaint against the Resort (which incidentally, Plaintiff completely fails to explain how that is possible), or that her Fourth or Fourteenth Amendment rights were violated, the Complaint simply falls far short of any allegation of the existence of policy or custom

leading to her injuries. Dismissal of her Section 1983 *Monell* Counts I through IV is warranted.

### 2. Plaintiff's Malicious Prosecution Claim Fails.

The Supreme Court recognizes a Fourth Amendment malicious prosecution claim and the Fifth Circuit found that a Plaintiff wrongfully seized must show the following: "(1) the commencement or continuance of an original criminal proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) malice; and (6) damages." *Santander v. Salazar*, 133 F.4th 471, 482 (5th Cir. 2025). In addition to the problems of no allegations of a policymaker, policy or custom sufficient for a claim against the County or GCDAO, Plaintiff's claim for malicious prosecution fails on its face as probable cause for the prosecution exists. *See Thompson v. Clark*, 596 U.S. 36, 43 (2022) ("[T]he gravamen of the Fourth Amendment claim for malicious prosecution, as this Court has recognized it, is the wrongful initiation of charges without probable cause."). "Probable cause is not a high bar," and where probable cause exists, a malicious-prosecution claim fails. *Espinal v. City of Hous.*, 96 F.4th 741, 745 (5th Cir. 2024) (quoting *Kaley v. United States*, 571 U.S. 320, 338 (2014)). Given the grand jury finding of probable cause for the charges, Plaintiff's claim fails.

11

**3. Because Texas counties are immune to intentional tort claims under the Texas Tort Claims Act, Count V must also be dismissed.**

Plaintiff also sued Galveston County under a claim of 'abuse of process', but to do so, Plaintiff must demonstrate Galveston County has waived its sovereign immunity to her claims. She cannot, and Count V must also be dismissed.

To state a claim against Galveston County for a state law tort of 'abuse of process', Plaintiff must show Galveston County waived its sovereign immunity under the Texas Tort Claims Act. *Gipson v. Harris Cnty.*, Civil Action No. 4:19-CV-2591, 2020 U.S. Dist. LEXIS 209045, at *12 (S.D. Tex. 2020). The Texas Tort Claims Act does not waive sovereign immunity for injuries caused by <u>intentional torts</u> such as a claim for 'abuse of process'. TEX. CIV. PRAC. & REM. CODE § 101.021. Plaintiff's state law claim against Galveston County must be dismissed.

**4. Punitive damages are not recoverable against Galveston County.**

Plaintiff's Complaint seeks punitive damages, but the law is clear, punitive damages are not recoverable from municipal entities, including Galveston County. *Babineaux v. Hous. Indep. Sch. Dist.*, No. H-20-2705, 2021 U.S. Dist. LEXIS 149630, at *17 (S.D. Tex. 2021); *see also City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981) ("we hold that a municipality is immune from punitive damages under 42 U.S.C. § 1983"). Therefore, Plaintiff's claim for punitive damages should be dismissed.

### III.     CONCLUSION AND PRAYER

Plaintiff's Section 1983 suit fails to provide any specific factual allegations supporting her claim against Galveston County, beyond making mere conclusory

statements. Plaintiff's Complaint never provides for a viable policymaker, nor presents any allegations of a policy, or custom warranting Section 1983 liability against Galveston County. Moreover, Plaintiff also ignores TTCA sovereign immunity requirements in her pursuit of an intentional tort claim. For these reasons, Galveston County respectfully prays that Plaintiff's case be dismissed under Rule 12(b)(6).

Respectfully submitted,

**GREER, HERZ & ADAMS, L.L.P.**

By: */s/ José Armando Vega*
    **Joseph R. Russo, Jr.**
    Federal I.D. No. 22559
    State Bar No. 24002879
    jrusso@greerherz.com
    **José Armando Vega**
    Federal I.D. No. 3909392
    State Bar No. 24143904
    jvega@greerherz.com
    One Moody Plaza, 18th Floor,
    Galveston, Texas 77550
    (409) 797-3200 (Telephone)
    (866) 456-0170 (Fax)

    **ATTORNEYS FOR DEFENDANT**
    **GALVESTON COUNTY, TEXAS**

## CERTIFICATE OF SERVICE

I hereby certify that on 5th day of June 2026, a true and correct copy of the foregoing was served via the Court's ECF system.

    */s/ José Armando Vega*
    José Armando Vega