United States District Court
Southern District of Texas

**ENTERED**

July 17, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| SILVIA PARRA, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:25-cv-00408 |
| | § | |
| GALVESTON COUNTY, TEXAS, | § | |
| *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

There are two motions pending before me: (1) a motion to compel filed by Plaintiff Silvia Parra, and (2) a motion to dismiss filed by Defendant Galveston County, Texas (the "County"). Based on my review of the briefing, the record, and the applicable law, I recommend that the County's motion to dismiss be granted and that Parra's motion to compel be denied as moot.

## BACKGROUND

Parra is Kayden Windham's mother. On June 2, 2024,[1] Windham died after visiting the Crystal Palace Resort in Galveston County, Texas. On August 22, 2024, a Galveston County grand jury indicted Parra for criminally negligent homicide in connection with Windham's death. Allegedly, Parra allowed Windham "to enter a pool knowing that he could not swim, that he did not have any flotation device, that the pool was dimly lit, and that he was not being supervised by [Parra] or by any other adult." Dkt. 28-1 at 2.[2] Galveston County court records show that on December 8,

---

[1] Parra alleges that her son died on June 2, 2023. *See* Dkt. 1 at 2. Windham's obituary, however, shows that his date of death was June 2, 2024. *See Kayden Lee Windham*, Shelby County Today (June 6, 2024), https://scttx.com/obituaries/kayden-lee-windham. I may take judicial notice of this obituary. *See, e.g., Gen. Elec. Co. v. W. Feliciana Par. Hosp. Serv. Dist. No. 1*, No. CV 16-449, 2016 WL 7007504, at *14 n.11 (M.D. La. Nov. 29, 2016) (collecting cases).

[2] Because the Galveston County grand jury's indictment is referenced in Parra's complaint and central to her claims, I may consider it without converting the pending motion to dismiss into a motion for summary judgment. *See Collins v. Morgan Stanley Dean*

2025, the Galveston County District Attorney's Office ("GCDAO") moved to dismiss the charge against Parra, stating: "Probable Cause exists but insufficient evidence to prove beyond a reasonable doubt." Motion to Dismiss, *State v. Parra*, No. 24-CR-3251 (405th Jud. Dist. Ct. Dec. 8, 2025).[3] That same day, the presiding judge entered an order of dismissal.

Parra instituted this lawsuit on December 12, 2025, against the County and the GCDAO. Parra asserts four claims against Defendants under 42 U.S.C. § 1983: (1) malicious prosecution; (2) deprivation of First Amendment rights; (3) deprivation of substantive due process; and (4) civil rights conspiracy. Parra also asserts a Texas state law abuse-of-process claim.

Parra did not serve the County until May 11, 2026. On June 5, 2026, the County filed a motion to dismiss arguing that (1) Parra's claims against the GCDAO are redundant to her claims against the County; (2) Parra fails to state a claim upon which relief can be granted; and (3) Parra's state law claim fails because the Texas Tort Claims Act does not waive sovereign immunity for intentional torts. Parra has not responded to the motion to dismiss. Pursuant to the Local Rule 7.4, failure to respond is taken as a representation of no opposition. Regardless of Parra's failure to respond to the motion to dismiss, however, I will independently consider the merits of the County's motion.

## RULE 12(b)(6) MOTION TO DISMISS

A defendant may move to dismiss a complaint when a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

---

*Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Moreover, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record," and the indictment is a public record. *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007).

[3] I may take judicial notice of matters of public record. *See supra* n.2.

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). Conversely, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (cleaned up).

When evaluating a Rule 12(b)(6) motion, I accept "all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Cummings v. Premier Rehab Keller, P.L.L.C.*, 948 F.3d 673, 675 (5th Cir. 2020) (quotation omitted). I "do not, however, accept as true legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement." *Benfield v. Magee*, 945 F.3d 333, 336–37 (5th Cir. 2019) (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

Because this is federal court, I will evaluate Parra's federal claims before determining whether this court should exercise supplemental jurisdiction over her state law claim.

### A.   THE GCDAO IS NOT A SEPARATE JURIDICAL ENTITY

As Judge Jeffrey V. Brown has already noted in this case: "The Galveston County District Attorney's office is not an entity that is amenable to being sued." Dkt. 16 at 1 (citing *Barrie v. Nueces Cnty. Dist. Att'y Off.*, 753 F. App'x 260, 264 (5th Cir. 2018)). Because the GCDAO is not a separate juridical entity capable of being sued, Parra's claims against it should be dismissed.

### B.   PARRA DOES NOT STATE A CLAIM FOR ANY CONSTITUTIONAL VIOLATION

Parra asserts claims for malicious prosecution, deprivation of First Amendment rights, deprivation of due process, and civil rights conspiracy against the County under § 1983. *See* Dkt. 1 at 4–6. "Section 1983 provides a remedy against any person who, under color of state law, deprives another of rights protected by the

Constitution." *Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992) (quotation omitted). "To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (quotations omitted). Because Parra does not plausibly allege a violation of any constitutional right, all of her § 1983 claims must be dismissed.

### 1. *Malicious Prosecution*

To state a constitutional malicious prosecution claim against the County, Parra must allege:

> (1) the commencement or continuance of an original criminal proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) malice; and (6) damages.

*Espinal v. City of Houston*, 96 F.4th 741, 748 (5th Cir. 2024). Here, Parra fails to allege the absence of probable cause. Instead, Parra merely asserts a string of non-specific, conclusory allegations.

For example, Parra asserts that the County failed to "[p]reserve and properly analyze physical evidence," but she fails to specify what physical evidence the County failed to preserve and analyze. Dkt. 1 at 3. She alleges that the County failed to "[i]nterview all relevant witnesses," but she never identifies the witnesses that the County failed to interview. *Id.* Parra also alleges that the County failed to "[r]eview and consider exculpatory evidence," but she does not identify or describe the exculpatory evidence. *Id.* She further alleges that the County failed to "[i]nvestigate alternative theories and responsible parties," but she does not articulate any alternative theory or identify any other responsible parties. *Id.* She alleges that the County failed to "[f]ollow standard investigative protocols and procedures," yet she identifies no protocols and procedures that were not followed. *Id.* These conclusory allegations do not plausibly establish the absence of probable cause. Because Parra has not plausibly pleaded the absence of probable cause, she also does not allege malice, which requires the absence of probable cause. *Armstrong v. Ashley*, 60 F.4th

4

262, 278 (5th Cir. 2023) (explaining that "malice" is "often defined in this context as without probable cause and for a purpose other than bringing the defendant to justice" (quotation omitted)). Accordingly, Parra's malicious prosecution claim should be dismissed.

### 2.    *First Amendment Claims*

Parra asserts that the County prosecuted her to prevent her from pursuing a civil wrongful death action against the Crystal Palace Resort on Windham's behalf. *See* Dkt. 1 at 5. These allegations appear to assert two distinct claims: First Amendment retaliation and denial of access to the courts.

To establish a First Amendment retaliation claim, Parra must show that (1) she was "engaged in constitutionally protected activity"; (2) the County's actions caused her "to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity"; and (3) the County's "adverse actions were substantially motivated against [Parra's] exercise of constitutionally protected conduct." *Keenan v. Tejeda*, 290 F.3d 252, 258 (5th Cir. 2002). Parra never identifies what constitutionally protected activity she was engaged in. To the contrary, she claims that she was *deprived* of her right to pursue civil legal remedies. *See* Dkt. 1 at 2. If Parra is basing her retaliation claim on a threat to sue, she fails to articulate the who, what, and when that is necessary to show that she was engaged in the constitutionally protected activity of pursuing litigation. Moreover, the "absence of probable cause . . . must be pleaded and proven" in a case asserting retaliatory prosecution based on the exercise of protected speech under the First Amendment. *Hartman v. Moore*, 547 U.S. 250, 265–66 (2006). As discussed above, Parra has not plausibly pleaded the absence of probable cause. Thus, she necessarily has not stated a First Amendment retaliation claim based on the County's prosecution of her.

Parra's denial-of-access claim is backward looking. A backward-looking denial-of-access claim "covers claims not in aid of a class of suits yet to be litigated, but of specific cases that cannot now be tried (or tried with all material evidence), no matter what official action may be in the future." *Christopher v. Harbury*, 536 U.S. 403, 413–14 (2002). "The official acts claimed to have denied access may allegedly have caused

the loss or inadequate settlement of a meritorious case, the loss of an opportunity to sue, or the loss of an opportunity to seek some particular order of relief." *Id.* (cleaned up). "The ultimate object of these sorts of [backward-looking] access claims, then, is not the judgment in a further lawsuit, but simply the judgment in the access claim itself, in providing relief obtainable in no other suit in the future." *Id.* Here, Parra's denial-of-access claim fails because she never expounds upon how the County's prosecution of her "suppress[ed] her right to petition the courts through civil litigation." Dkt. 1 at 5.

Texas has a two-year statute of limitations on wrongful death actions. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003 ("A person must bring suit not later than two years after the day the cause of action accrues in an action for injury resulting in death. The cause of action accrues on the death of the injured person."). Windham died on June 2, 2024. Thus, Parra had until June 2, 2026, to bring a wrongful death claim. Even if I assume that the County's prosecution of Parra hampered her ability to sue the Crystal Palace Resort while her criminally negligent homicide charge was pending, that charge was dismissed on December 8, 2025. Parra therefore had nearly six months remaining in the limitations period to bring suit and alleges no facts explaining why she could not file during that interval. In fact, Parra filed *this* lawsuit against the County only four days after the criminally negligent homicide charge was dismissed, undermining any inference that the County's prosecution of her prevented her from accessing the courts. This is fatal to Parra's denial-of-access claim. *See Swekel v. City of River Rouge*, 119 F.3d 1259, 1264 (6th Cir. 1997) ("Before filing an 'access to courts' claim, a plaintiff must make some attempt to gain access to the courts; otherwise, how is this court to assess whether such access was in fact 'effective' and 'meaningful'?").

### 3.    *Substantive Due Process*

Parra also asserts a substantive due process claim. *See* Dkt. 1 at 5 ("Defendants, by prosecuting Plaintiff without probable cause and for improper purposes, violated Plaintiff's substantive due process rights."). Parra's due process claim, however, is

6

duplicative of her malicious prosecution claim and should be dismissed for the same reasons as the malicious prosecution claim. *See supra* § B.1.

## C.    CIVIL RIGHTS CONSPIRACY

Parra asserts that "Defendants entered into a conspiracy to deprive [her] of her constitutional rights under color of state law." Dkt. 1 at 6. Parra identifies only two alleged conspirators: the County and the GCDAO. But as mentioned above, the GCDAO is not a separate juridical entity; it is merely an office through which governmental officials perform their duties. Thus, as pleaded, the alleged conspiracy consists of the County conspiring with itself. A governmental entity cannot conspire with itself. *See Chambliss v. Foote*, 421 F. Supp. 12, 15 (E.D. La. 1976) (finding no civil rights conspiracy where "the university and its officials are considered as constituting a single legal entity which cannot conspire with itself"), *aff'd*, 562 F.2d 1015 (5th Cir. 1977). Moreover, for all the reasons discussed above, Parra fails to state a constitutional claim, which bars her conspiracy claim. "[A] conspiracy claim is not actionable without an actual violation of section 1983." *Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995) (quotation omitted).

Even if the complaint could be construed as alleging constitutional violations and distinct conspirators, it alleges only repeated assertions that they "agree[d]" and "acted in concert," without identifying any communication, participant, time, or overt act demonstrating an agreement. Dkt. 1 at 2, 6. That is independently insufficient to plausibly allege a conspiracy. *See Twombly*, 550 U.S. at 556–57; *Iqbal*, 556 U.S. at 678. Accordingly, the court should dismiss Parra's civil rights conspiracy claim.

## D.    STATE LAW CLAIM

Having established that Parra fails to state any claim under federal law, I recommend that this court decline to exercise supplemental jurisdiction over Parra's state law claim for abuse of process. *See* 28 U.S.C. § 1367(c)(3); *Duncan v. City of Freeport*, No. 3:23-cv-255, 2024 WL 2819118, at *4 (S.D. Tex. Jan. 23, 2024) (declining to exercise supplemental jurisdiction over plaintiff's state law claims after dismissing all federal claims).

**E.      PARRA'S MOTION TO COMPEL IS MOOT**

Having determined that Parra fails to state a federal claim and having recommended that this court decline to exercise supplemental jurisdiction over Parra's state law claim, I further recommend that Parra's pending motion to compel be denied as moot.

## CONCLUSION

For the reasons discussed above, I recommend that the County's motion to dismiss (Dkt. 28) be granted and that Parra's motion to compel (Dkt. 15) be denied as moot. Because Parra has never amended her pleadings, however, and because I recently allowed Parra's counsel of record to withdraw, *see* Dkt. 33, I will give Parra 45 days from the date that this memorandum and recommendation is adopted to file an amended complaint.

Usually, parties have 14 days from service of a memorandum and recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error. In recognition of the fact that Parra needs time to either secure new counsel or file objections pro se, the deadline for filing objections to the memorandum and recommendation is extended to Monday, August 17, 2026.

SIGNED this __17th__ day of July 2026.

                                    ANDREW M. EDISON
                            UNITED STATES MAGISTRATE JUDGE

8